District Judge Thomas S. Zilly

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEIRTON USA, INC., a Washington Corporation,<br><br>              Plaintiff,<br><br>   v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION, a federal agency,<br><br>              Defendant. | Case No. C21-0224-TSZ<br><br>DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEFING AND MATERIALS |

On April 2, 2021, Plaintiff filed supplemental materials and commentary regarding the jurisdiction of the Court of International Trade ("CIT"). *See* Dkt. No. 26. The case Plaintiff relies on ("*Root Sciences*") ultimately appears to involve whether or not a seizure occurred. Dkt. No. 26-1 at 2 ("[T]he merchandise was allegedly seized by CBP on February 10. The Government did not dispute our claim that we were never served with the notice of seizure…."). It appears that the claimant is arguing that the merchandise was deemed excluded—for which the claimant filed a protest before seeking a remedy before the CIT—and apparently the Government is arguing the items were seized. *Id.* at 8 (Statement of Facts at ¶ 11 *et seq.*). As the Government explained in its opposition and during oral argument in this matter, there is no seizure involved here.

RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MATERIALS
C21-0224-TSZ - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

A seizure involves a different statutory and regulatory scheme. If U.S. Customs and Border Protection ("CBP") seizes merchandise, an interested party may then ask CBP to refer the matter to the U.S. Attorney's Office to initiate a judicial forfeiture proceeding. 19 U.S.C. § 1608. Even in that situation, however, there is no independent right to seek declaratory judgment outside of this statutory scheme. *See* Dkt. No. 19 ("Opp."), at 10, n.2 (citing *LKQ Corp. v. United States Dep't of Homeland Sec.*, 369 F. Supp. 3d 577, 588 (D. Del. 2019 ("[The] Court [] is bound by the statutory scheme codified in the customs laws and was provided by notice to the Plaintiffs."); *see also City of Oakland v. Lynch*, 798 F.3d 1159, 1166 (9th Cir. 2015) ("The forfeiture proceeding, and not a collateral action, is the proper venue to seek such relief."). If Keirton filed an action in CIT related to the present exclusion, the Government will not argue that there was a seizure or that CIT lacks jurisdiction. *See* Opp. at 10 (citing *H & H Wholesale Servs., Inc. v. United States*, 30 C.I.T. 689, 692 (2006) (explaining jurisdictional differences between a seizure and an exclusion)).

Further, Plaintiff's materials appear to support the Government's position. The claimant in *Root Sciences* recognized CIT's exclusive jurisdiction over all matters involving an exclusion. Dkt. No. 26-1 at 5, ¶ 2. Nor do these materials support any exception to this exclusive grant of jurisdiction. As the Government previously explained in its briefing (Opp. at 10-14) and during oral argument, if a party does not file a protest, then any exclusion is "final and conclusive." 19 U.S.C. § 1514(a)(4). Congress specifically granted jurisdiction over actions involving protests to the CIT. 28 U.S.C. § 1581(a). Therefore, a district court is "divested of jurisdiction" over any actions involving exclusions. *K-Mart Corp. v. Cartier, Inc.*, 485 U.S. 176, 182–83 (1988). This involves exclusions that are protested or "protestable." *See* Opp. at 12 (citing *See Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 2010 WL 11545232, at *7 (S.D. Tex. Dec. 2, 2010), *aff'd*, 665 F.3d 671 (5th Cir. 2011) ("Matters that are protested or 'protestable' are within the exclusive jurisdiction of the Court of International Trade…the Court finds that it does not have jurisdiction to hear these allegations and dismisses SLM's claims against CBP.")). While courts once recognized a narrow exception to this jurisdictional grant based on "adequate

RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MATERIALS
C21-0224-TSZ - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

remedy," that limited exception no longer exists after the Supreme Court's holding in *Cartier*. *See, e.g.*, Opp. at 14 (*citing Earth Island Inst. v. Christopher*, 6 F.3d 648, 652 (9th Cir. 1993)). And even if this narrow exception did survive *Cartier*, it does not include financial hardship. *Jerlian Watch Co. v. U.S. Dep't of Com.*, 597 F.2d 687, 692 (9th Cir. 1979) ("Plaintiffs' allegations of financial impossibility, even if accepted as true, do not place them within the 'adequate remedy' exception.").

The Government is able to provide additional briefing or materials regarding this or any other relevant issue, should the Court desire.

DATED this 5th day of April, 2021.

    Respectfully submitted,

    TESSA M. GORMAN
    Acting United States Attorney

    *s/ Nickolas Bohl*
    NICKOLAS BOHL, WSBA No. 48978
    Assistant United States Attorney
    United States Attorney's Office
    700 Stewart Street, Suite 5220
    Seattle, Washington 98101-1271
    Phone:  206-553-7970
    Fax:  206-553-4067
    Email:  nickolas.bohl@usdoj.gov

RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MATERIALS
C21-0224-TSZ - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970